In re the Petition for **DISCIPLINARY ACTION AGAINST Howard J. RUBIN**, an Attorney at Law of the State of Minnesota.

No. CX–92–836.

Supreme Court of Minnesota.

May 14, 1992.

ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this Court alleging that the respondent Howard J. Rubin has committed professional misconduct warranting public discipline. In the petition, the Director alleges that respondent falsely notarized two deeds he had prepared for a client, permitted a legal assistant to back-date a signature on one of the deeds, and, when confronted by another attorney about the back-dating and improper notarizations, refused to admit the misconduct.

Along with the petition, the Director filed a stipulation between the respondent and the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 10(a), Rule 9 and Rule 14, Rules on Lawyers Professional Responsibility. Respondent also waived his right to interpose an answer and unconditionally admitted all of the allegations of the petition. In the stipulation, respondent and the Director listed the following as mitigating factors: no fraud occurred as a result of respondent's misconduct, respondent has no prior record of discipline, and respondent cooperated with the Director's investigation of this matter. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a public reprimand and 1–year unsupervised probation. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Howard J. Rubin, hereby is publicly reprimanded and placed on unsupervised probation for a period of 1 year, pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. That respondent's probation shall be subject to the following conditions:

a. Respondent shall abide by the Minnesota Rules of Professional Conduct. Respondent shall cooperate with the Director's investigation of any allegations of professional misconduct against respondent which have or may come to the Director's attention. Either respondent's admission or a referee finding of further professional misconduct by respondent shall constitute conclusive evidence of a violation of respondent's probation.

b. Respondent shall take a continuing legal education course on professional responsibility or another educational course acceptable to the Director.

3. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.